UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 10 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MICHAEL ROBERT RAY,             )
                                )
            Plaintiff,          )
                                )
    v.                          )   Civil Action No. 05-0876 (RCL)
                                )
FEDERAL BUREAU OF INVESTIGATION,)
                                )
            Defendant.          )
_____)

## MEMORANDUM OPINION

Plaintiff brought this action against the Federal Bureau of Investigation ("FBI") under the Freedom of Information Act ("FOIA"), see 5 U.S.C. § 552. He requested from FBI Headquarters ("FBIHQ") records "including, but not limited to[,] identification records, personal data, history records, investigative files, case notes, and any other record relating to [plaintiff]." Memorandum of Points and Authorities in Support of Motions to File *In Camera* and Under Seal and for Summary Judgment ("Def.'s Mot."), *In Camera* Declaration of David M. Hardy ("Hardy Decl.") ¶ 6 & Ex. A (May 21, 2003 FOIA Information Request).[1] For the reasons set forth in its July 24, 2006 Memorandum Opinion and Order, *see Ray v. Fed. Bureau of Investigation*, 441 F. Supp. 2d 27 (D.D.C. 2006), the Court granted in part and denied in part the FBIHQ's initial summary judgment motion.

---

[1] The Court denied defendant's motion leave to file its motion *in camera* and under seal on November 23, 2005. Defendant filed its motion and supporting documents on the Court's electronic docket and served plaintiff on December 5, 2005.

1

The parties did not dispute that plaintiff was "a permanent symbol source informant who reported to the FBI on a regular basis under an express assurance of confidentiality." Hardy Decl. ¶ 52; *see* Response to Defendant Federal Bureau of Investigation's Motion for Summary Judgment ("Pl.'s Opp'n") at 22. The FBIHQ relied on Exemptions 2, 7(D), and 7(F) to withhold information that identifies or refers to plaintiff and information he provided to the FBI in order to "protect the plaintiff, his permanent symbol source number, his confidential source file numbers and other identifying information in these records[,] all of which would reveal plaintiff to be an informant and cooperating witness of the FBI which could place him in grave danger while incarcerated." Hardy Decl. ¶ 59. Plaintiff objected to the withholding of information under these exemptions, Pl.'s Opp'n at 22-23, and claimed that he was "not in fear for [his] safety [] in relation to the disclosure of any FBI records about [him]; or about [his] past offenses, or past contacts with the FBI." Affidavit of Michael R. Ray ¶ 17. Plaintiff "waived any reliance he may have had," and stated that the "FBI has no such duty of protection to afford [him]." Pl.'s Opp'n at 23. The Court construed plaintiff's assertions as a waiver of confidentiality and any protections offered by Exemptions 7(D) and 7(F), and ordered the FBIHQ either to release the responsive records or to file a renewed summary judgment motion. *Ray*, 441 F. Supp. 2d at 37.

On August 15 and August 25, 2006, plaintiff filed motions objecting to the publication of the Court's July 24, 2006 Memorandum Opinion and Order on the ground that its publication could place his life in jeopardy. *See* Pl.'s Emergency Mot. for Recons. at 1. By that time, however, the Memorandum Opinion and Order already had been entered on the public docket of this case, the Court's website, and Westlaw. The Court denied plaintiffs' motions and his request to seal all documents in this case.

This matter now is before the Court on defendant's renewed motion for summary judgment which revives the FBIHQ's arguments for withholding information pertaining to plaintiff under Exemptions 2, 7(D) and 7(F). *See* Memorandum of Points and Authorities in Support of Defendant's Renewed Motion for Summary Judgment at 6-8.

## II. DISCUSSION

### A. *Summary Judgment Standard*

The Court grants a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits may be accepted as true, unless the opposing party submits his own affidavits or documentary evidence that contradict the movant's assertions. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (citing *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with the FOIA. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (citing *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984), *reh'g denied*, 763 F.2d 1436 (D.C. Cir. 1985)). The Court may award summary judgment based solely upon the information provided in affidavits or declarations when the affidavits or declarations describe "the justifications for nondisclosure with reasonably

specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

### B. *Plaintiff Concedes Defendant's Renewed Summary Judgment Motion*

Local Civil Rule 7(b) provides:

> Within 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. <u>If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.</u>

LCvR 7(b) (emphasis added). If a plaintiff fails to respond to a defendant's dispositive motion, the Court may grant the motion and dismiss the case. *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988); *see Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (treating plaintiffs summary judgment motion as conceded because defendant filed its opposition late). "[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (citations omitted). "Where the district court relies on the absence of a response as a basis for treating the motion as conceded, [the District of Columbia Circuit] honor[s] its enforcement" of LCvR 7(b). *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997); *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004).

Plaintiff's opposition to the FBIHQ's renewed summary judgment motion restates his objection to the publication of the July 24, 2006 Memorandum Opinion and Order. *See* Affidavit in Opposition to Renewed Motion for Summary Judgment ¶¶ 1.a., 1.d, & 1.f. In addition,

plaintiff challenges defendant's response to a FOIA request that is not relevant to the instant civil action. *Id.* ¶ 1.c.; *see* Defendant's Reply in Support of Renewed Motion for Summary Judgment, Second Declaration of David M. Hardy ¶¶ 8-9. Plaintiff purports to "concur with the court[']s position on the disclosure," Pl.'s Opp'n ¶ 1.e., yet offers no direct or meaningful opposition to the FBIHQ's arguments for withholding the records he seeks under Exemptions 2, 7(D), and 7(F). He appears to demand both the compelled disclosure of FBIHQ records and the secrecy not only of the FBIHQ records but also the Court records pertaining to this case. Plaintiff's demands are inconsistent, and he cannot achieve both goals through this FOIA action. "As a general rule, if the information is subject to disclosure, it belongs to all." *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).

Absent a meaningful opposition to defendant's renewed motion, the Court treats defendant's motion as conceded. *See, e.g., Hopkins v. Women's Div., General Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (treating as conceded the claims for dismissal that plaintiff failed to address). Defendant's motion will be granted, and an Order consistent with this Memorandum Opinion will be issued separately.

/s/ Royce C. Lamberth
ROYCE C. LAMBERTH
United States District Judge

Date: 5/10/07